Citation Nr: 1448535 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 11-10 843 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to a rating in excess of 20 percent for diabetes mellitus.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse


ATTORNEY FOR THE BOARD

Matthew Schlickenmaier, Associate Counsel


INTRODUCTION

The Veteran had active duty service from November 1968 to September 1970.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a February 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. The claim was remanded by the Board in February 2014.

The Veteran testified at a July 2013 videoconference hearing before the undersigned. A transcript of those proceedings is associated with the Virtual VA record.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into account the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board sincerely regrets having to remand the Veteran's claim again; however, this is necessary to ensure that the Veteran receives all consideration due to him under the law. 

The Veteran insists that he warrants a rating in excess of 20 percent in part because he contends that his activities are regulated as defined by Diagnostic Code 7913. See 38 C.F.R. § 4.119. While a June 2014 VA contract examiner checked a box on a Diabetes Mellitus Disability Benefits Questionnaire indicating that the Veteran's activities were regulated, he failed to provide an opinion reconciling conflicting medical evidence and only noted that the appellant experienced some functional impairment due to his peripheral neuropathy. Indeed, although the March 2014 Board remand instructed the examiner to specify in the report that the claims file had been reviewed, there is nothing in the June 2014 examination indicating that this was accomplished. Stegall v. West, 11 Vet. App. 268, 271 (1998).

Regulation of activities is defined as the "avoidance of strenuous occupational and recreational activities." 38 C.F.R. § 4.119, Diagnostic Code 7913. In Camacho v. Nicholson, 21 Vet. App. 360, 363-365 (2007), the United States Court of Appeals for Veterans Claims held that medical evidence is required to show that occupational and recreational activities have been restricted.

Here, a May 2011 VA treatment record shows that a VA physician treating the Veteran for diabetes advised him to increase his physical activity. Moreover, in June 2013, after the Veteran requested a letter from this physician stating that he was "under orders to limit [his] physical activity so as not to lower [his] blood sugar level," the same doctor noted that she "[would] not be advising him to limit his activity but rather to adjust his medication and dietary intake to manage any hypoglycemia." In July 2014, the same physician advised the Veteran to engage in 30 to 45 minutes of moderate exercise three to five times per week but avoid both strenuous occupational and recreational activities.

On remand, the June 2014 VA contract examiner should provide an opinion for his conclusion that it is medically necessary for the Veteran to have his activities regulated such that he avoids strenuous occupational and recreational activities due to his diabetes. It is recognized that his peripheral neuropathy, not at issue herein cause significant limitations. The limitation at issue here is for regulation of blood sugar levels as set out above. In so doing, the examiner should address the medical evidence described above.

Accordingly, the case is REMANDED for the following action:

1. Forward the entire claims file in electronic records to the examiner who prepared the June 2014 VA contract examination or, if that examiner is unavailable, to another suitably qualified VA examiner. The examiner should review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records and lay statements. The examiner must specify in the report that the claims file in electronic records (Virtual VA and VBMS) has been reviewed. The rationale for all opinions expressed must be provided. If an opinion cannot be provided without resort to speculation, it must be noted in the opinion report, and a rationale should be provided for that conclusion. If additional examination is indicated, it should be scheduled in accordance with applicable procedures. 

The examiner should provide an opinion for his conclusion that it is medically necessary for the Veteran to have his activities regulated such that he avoids strenuous occupational and recreational activities. In so doing, the examiner should address the medical evidence described above and any other evidence he may deem relevant. It should be indicated whether any regulation of activities is due to fluctuations in blood sugar as opposed to limitations caused by the peripheral neuropathy.

2. After the development requested has been completed, the AOJ should review any report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures at once. 

3. After completing any additional development deemed necessary, readjudicate the claim. If the benefit requested on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be furnished a supplemental statement of the case, which addresses all of the evidence obtained after the issuance of the last supplemental statement of the case, and provided an opportunity to respond. The case should then be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).


_________________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).